ORLEANS,
*March,*
1842.

Paddock &
Riddle
*v.*
Ames.

---

PADDOCK & RIDDLE *v.* MICHAEL U. AMES.

Where one employs another to purchase an article of property for him of a
given description and price, and to pay for it, which is done, the price
may be recovered in an action of book account, even where the vendor
never accepted the delivery of the article.

THIS was an action of book account. Judgment to account having been rendered by the county court, an auditor
was appointed who subsequently reported, in substance as
follows ;—Sometime in the month of April, 1840, the defendant called at the plaintiffs' shop in Craftsbury (where Riddle, one of the plaintiffs, was making and vending tin ware,)
and wished to purchase two tin trunks ; that Riddle told him
that he could not conveniently make such trunks as the defendant wanted, but could procure them for him of Sweet &
Co. of Johnson ; that it was then and there agreed between
the parties that Riddle should procure the trunks of Sweet
& Co., and that defendant should call soon afterwards and
take the trunks and pay for them ; that Riddle then told the
defendant the price of the two would be about five dollars ;
that defendant then left the plaintiffs' shop and never called

Orleans,
*March*,
1842.

Paddock &
Riddle
*v.*
Ames.

afterwards ; that the plaintiffs procured the trunks of Sweet & Co. in pursuance of said agreement, and still had them ready for the defendant, at their shop ; that the plaintiffs were in the habit of doing business with Sweet & Co., and these trunks were purchased in the ordinary way of their business, at a less price than their ordinary retail price ; that plaintiffs commenced this suit on the 5th day of February, 1841, but never charged the trunks to the defendant until the 10th day of February, 1841, under which date the trunks were charged at five dollars, and, at the same time, the plaintiffs entered the trunks to the credit of Sweet & Co. at $4.50 ; that sometime in the summer of 1840, the plaintiff, Riddle, saw the defendant at Irasburgh, and then told him the plaintiffs had procured the trunks, and that they were ready for him ;—that the defendant then told Riddle that he (defendant) had made other arrangements in his business, and the trunks would then be useless to him, and wished the plaintiffs to sell them for him if they could, but if they did not sell them, he would call in a few weeks and pay for them and take them away ; that the trunks were not afterwards sold by the plaintiffs, and the defendant never called nor paid for them ;—that the transaction between the parties was regarded in the first instance as a contract for the sale of the trunks at the ordinary retail price, supposed to be about five dollars, without reference to the price which the plaintiffs should pay Sweet & Co., and that the retail price of such trunks was two dollars and fifty cents each.

If from these facts the county court should be of the opinion that the plaintiffs were entitled to recover, then the auditor found for the plaintiffs to recover five dollars, and interest thereon, to balance book accounts between the parties ; otherwise he found nothing due to either party on book.

The county court accepted the report and rendered a judgment thereon for the plaintiffs, and the defendant excepted.

*W. H. Martin*, for defendant.

In order to sustain an action on book, the articles charged must pass into the actual possession of the defendant. The action cannot be sustained upon matter that rests in contract

merely. *Barlow* v. *Read*, 1 Vt. R. 97. *Barlow* v. *Read*, 1 Aikens' R. 145.

ORLEANS,
*March,*
1842.

Paddock &
Riddle
*v.*
Ames.

*J. A. Paddock*, for plaintiffs.

The plaintiffs' right of action accrued when they procured the articles agreeably to their undertaking with the defendant.

The case of *Barlow* v. *Read*, relied upon by the defendant, is not in point. The action, in that case, was brought to recover for articles alleged to have been sold, but not delivered; this is to recover for the performance of a certain service for the defendant, at his request. His neglect to avail himself of the benefit of that service is no reason why the plaintiffs should not receive the stipulated reward.

If it is contended that some recognition or acceptance, on the part of the defendant, of the doings of the plaintiffs in the matter, would be necessary, the request made by defendant to Riddle, that he would sell the trunks, if he had an opportunity, as defendant *then* had no use for them, and remarking, if he could not sell them, defendant would call in a few days and take them, is a virtual acceptance of the articles, or at least shows that the defendant as well as the plaintiffs considered them his.

But it is contended by the defendant that if the plaintiffs have a right of action, it should have been *assumpsit*, and not book account. It has long been settled by this court that *assumpsit* and book account are concurrent remedies in the class of cases to which the case at bar belongs. *Fry* v. *Slyfield*, 3 Vt. R. 266. *Hall & Chase* v. *Pecks*, 10 Vt. R. 476.

Property passes from vendor to vendee when nothing more remains for the vendor to do. *Rugg et al.* v. *Minot et al.*, 11 East's R. 210.

The opinion of the court was delivered by .

REDFIELD J.—We think the action of book account will well lie in the present case. It has been decided by this court, that where one orders an article manufactured at a mechanic's shop, and it is made according to the order, it may be charged and recovered for in this form of action, whether it is ever delivered or not. When the order is ex-

Orleans,
March,
1842.

ecuted, so that nothing more remains to be done, the title to the thing passes to the vendee, and thereafter it remains at his risk, and he becomes debtor to the vendor for the price, and that is the proper time to make the charge on book. The same course of reasoning precisely, it is obvious, will apply to the present case. After the plaintiffs had purchased the articles, for the defendant, according to his request, and given him proper notice, (and this must depend upon the contract between the parties,) the title passed to the vendee, and they might well be charged on book against him. They would then remain at his expense and risk, and he would become debtor for the price to the plaintiffs.

Judgment affirmed.